**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4060**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CORY LEE JACOBS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:18-cr-00245-TDS-2)

_____

Submitted:  July 29, 2025                        Decided:  August 1, 2025

_____

Before KING, WYNN, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John S. Coalter, COALTER LAW, PLLC, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2019, Cory Lee Jacobs pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Jacobs to 72 months of imprisonment followed by three years of supervised release. Shortly after he was released into supervised release in 2024, Jacobs tested positive for cocaine and thereafter failed to report to his probation officer. Based on these violations, the court revoked Jacobs's supervised release and sentenced him to a term of imprisonment of one year and one day followed by 23 months and 28 days of supervised release.

Jacobs now appeals, and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in revoking Jacobs's supervised release and whether the revocation sentence is plainly reasonable. Jacobs was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (quoting 18 U.S.C. § 3583(e)(3)). We "review a district court's revocation of supervised release for abuse of discretion, evaluating the court's legal conclusions de novo and its factual determinations for clear error." *Patterson*, 957 F.3d at 435. As Jacobs admitted the charged supervised release violations, we conclude that the district court did not abuse its discretion in revoking his supervised release.

2

With respect to the revocation sentence, "[a ]district court has broad discretion when imposing a sentence upon revocation of supervised release." *Id.* at 436. We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "A sentence is substantively reasonable if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence

3

imposed." *United States v. Amin*, 85 F.4th 727, 740 (4th Cir. 2023) (internal quotation marks omitted).

The district court properly calculated the policy statement range, provided the parties an opportunity to be heard, responded to the parties' sentencing arguments, and sufficiently explained the chosen sentence, which was below the sentence recommended by the Sentencing Guidelines. We therefore conclude that the sentence is procedurally reasonable. Based on the court's explanation for the sentence, the sentence is also substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jacobs, in writing, of the right to petition the Supreme Court of the United States for further review. If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jacobs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4